(52 Misc. Rep. 200)

## DIETERICH v. FARGO.

(Supreme Court, Special Term, New York County.   December, 1906.)

1. GAME—SHIPMENT OF VENISON.

   Under Forest, Fish, and Game Law, § 8, as amended by Laws 1906, p. 1337, c. 478, § 2, prohibiting the shipment of deer, whether wild or domesticated, a common carrier may refuse to ship the meat of domesticated deer, which belong to plaintiff and are not kept in close confinement, though the deer was killed to prevent it from injuring others and to preserve the herd.

2. CONSTITUTIONAL LAW—POLICE POWER.

   The transportation of deer raised on a private preserve is subordinate to the police power of the state.

Action by Charles F. Dieterich against James C. Fargo, president of the American Express Company.   Motion to continue injunction. Denied.

Shearman & Sterling, for plaintiff.
Carter, Ledyard & Milburn, for defendant.

O'GORMAN, J.   The plaintiff maintains a private deer preserve in Dutchess county, this state.   To preserve the herd and prevent the bucks from injuring each other, it is necessary to kill a considerable number of the bucks each year.   The defendant has refused to accept the carcasses for transportation, and bases its refusal upon the provisions of section 8 of the forest, fish, and game law, as amended by Laws 1906, p. 1337, c. 478, § 2.   The plaintiff, upon this application, asks to continue a temporary injunction pendente lite to restrain the defendant from refusing to ship the meat of the domesticated deer, which belong to the plaintiff and are not kept in close confinement. The question presented involves the construction of section 8 above referred to, which reads as follows:

"Transportation.—Deer or venison killed in this state shall not be transported from or through any county, or possessed for that purpose, except as follows: One carcass or a part thereof may be transported from the county where killed when accompanied by the owner.   No person·shall transport·or accompany more than two deer in any year under this section.   Deer or venison killed in this state shall not be accepted by a common carrier for transportation from November nineteenth to September thirtieth, both inclusive, but if possession is obtained for transportation after September thirtieth and· before midnight of November eighteenth, it may, when accompanied by the owner, lawfully remain in the possession of such common carrier the additional time necessary to deliver the same to its destination.   Possession of deer or venison by a common carrier or by any person in its employ while engaged in the business of such common carrier, unaccompanied by the owner, shall constitue a violation of this section by such common carrier.   This section does not apply to the head, feet or skin of deer if carried separately."

Plaintiff claims that this section applies only to wild deer.   By reference to sections 2, 3, and 4 of the same act it is quite clear that the purpose of the law is to protect wild deer.   These sections are easily reconciled, however, with section 8, which, seemingly, is intended to apply to all deer, wild or domesticated.   The game and fish laws have from time to time been amended so as to prevent evasions and viola-

tions, and the validity of such amendments has been recognized by the courts. People ex rel. Hill v. Hesterberg, 184 N. Y. 126, 76 N. E. 1032, 3 L. R. A. (N. S.) 163; People, etc., v. Bootman, 180 N. Y. 1, 72 N. E. 505. In order to protect the domestic game it became necessary to prohibit the possession within the state of game coming from without the state, and in People, etc., v. Hesterberg, supra, it was urged that the amended statute contravened the Constitution of the state as depriving the owner of property without due process of law. The court overruled this contention, and held that, in order to effect the preservation of game within the state, the Legislature might enact laws with respect to the possession of foreign game on the ground that, without such inhibition or restriction, any law for the protection of domestic game could be successfully evaded. It is doubtless for these reasons that the section under consideration prohibits the shipment of deer or venison, whether wild or domesticated.

Giving the statute a reasonable interpretation and having in mind the evil to. be remedied, the law must be construed against the plaintiff's contention. The statute is not unconstitutional. If the private property right of the owner of imported game must yield to the statute, I can perceive no reason why the plaintiff's property right in the deer raised upon his preserve must not also yield, and be held subordinate to the exercise of the police power of the state. Motion to continue injunction denied, with costs.

Motion denied, with costs.